UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARIO D. ROBINSON,

        Petitioner,

v.                                               Case No. 19-cv-603-pp

REED RICHARDSON,

        Respondent.

---

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1) AND GRANTING MOTION TO STAY (DKT. NO. 2)**

---

On April 25, 2019, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2014 conviction in Milwaukee County Circuit Court for one count of armed robbery. Dkt. No. 1. He paid the $5.00 filing fee. The petitioner also filed a motion to hold his petition in abeyance while he returns to state court to file a Knight petition. Dkt. No. 2. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. The petition contains one exhausted claim and several unexhausted claims. The court will grant the motion for a stay and abeyance but will order the petitioner to file proof that he is pursuing state court action.

**I.    Background**

In September of 2013, the State of Wisconsin charged the petitioner with armed robbery as party to a crime. Dkt. No. 1; see also State of Wisconsin v. Mario Dwayne Robinson, Milwaukee County Case No. 2013CF004054, available at https://wcca.wicourts.gov/. Wisconsin's publicly available court records show that the petitioner made a speedy trial demand and proceeded to

1

a jury trial in January of 2014. Id. After a three-day trial, the jury found the petitioner guilty. Dkt. No. 1 at 1. The petitioner appealed his conviction in the Wisconsin Court of Appeals. Id. at 2. He raised one ground for relief—insufficiency of the evidence. Id. The Court of Appeals summarily denied the appeal. Dkt. No. 1-2. The petitioner sought review in the Wisconsin Supreme Court; the public docket shows that the Wisconsin Supreme Court denied that petition on April 11, 2018. Dkt. No. 1 at 3; State v. Robinson, Case No. 2013CF004054, available at https://wcca.wicourts.gov/. The petitioner states that he did not file any motion for state *habeas* relief. Dkt. No. 1 at 3. He signed and dated this federal *habeas* petition on April 15, 2019. Id. at 9.

## II. Rule 4 Screening

### A. Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one

2

year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court still may be barred from considering the claim if the petitioner failed to raise it in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.     The Petition

The petitioner lists four claims for *habeas* relief. Dkt. No. 1 at 6. First, he claims that the state presented insufficient evidence to convict him of armed robbery; he says that the state didn't produce evidence placing him at the scene and that the perpetrators wore masks which would preclude the victims from identifying them. Id. Second, he charges the trial court and prosecutor with improperly instructing the jury and reducing the state's burden of proof. Id. at 7. The petitioner states that his trial counsel failed to object and that his appellate counsel failed to raise this claim on appeal. Id. The third ground contends that the prosecutor claimed to have personal knowledge of the offense when she repeated stated that she "knew" that the defendants committed the offenses, and that she vouched for state witnesses when she repeatedly said "we know" or "we knew" when discussing the witnesses' testimony. Id. Finally, the petitioner asserts that his trial counsel was ineffective for failing to object to

3

these errors and that his appellate counsel was ineffective for not raising these claims on direct appeal; he also argues that his appellate counsel raised weaker claims that had no merit. Id.

The petitioner acknowledges that he did not present the jury instructions claim or the improper closing argument claim to the Wisconsin state courts. Id. His petition states that he will file a Knight petition in the Wisconsin Court of Appeals "to be filed April 19, 2019."[1] Id. at 8. He says that the Knight petition will assert that "[a]ppellate Counsel was ineffective for failing to raise claims that trial counsel failed to object to jury instruction 140 being unconstitutional and prosecutor's improper closing remarks." Id. at 8.

C. Analysis

All of the petitioner's proposed grounds for relief are generally cognizable on federal *habeas* review. See Saxon v. Lashbrook, 873 F.3d 982 (7th Cir. 2017) (sufficiency of the evidence); Charlton v. Davis, 439 F.3d 369 (7th Cir. 2006) (given and omitted jury instructions); Jordan v. Hepp, 831 F.3d 837, 847 (7th Cir. 2016) (vouching during closing argument); Cook v. Foster, 948 F.3d 896 (7th Cir. Jan. 29, 2020) (ineffective assistance of trial counsel); Smith v. Gaetz, 565 F.3d 346, 352 (7th Cir. 2009) (ineffective assistance of appellate counsel). But the petitioner presented only one of these grounds—insufficiency of the evidence—to every level of the state courts. That is the only claim that he has "exhausted." He admits that he did not raise the jury instructions issue, the prosecutorial misconduct issue or the ineffective assistance of trial counsel issues on direct appellate review. Dkt. No. 1 at 7. Nor did he raise these claims

---

[1] The court acknowledges that because it has taken the court longer than it would like to screen the petition, the proposed April 19, 2019 date has passed.

in a Wisconsin *habeas* petition under Wis. Stat. §974.06. Dkt. No. 1 at 3. These claims are "unexhausted."

A federal court "may not adjudicate mixed petitions for *habeas corpus*, that is, petitions containing for exhausted and unexhausted claims." Rhines v. Weber, 544 U.S. 269, 273 (2005) (citing Lundy, 455 U.S. at 510). When the Supreme Court issued Lundy, it required district courts to dismiss "mixed petitions" without prejudice and allow the petitioners to go back to state court and exhaust the unexhausted claims. Id. (citing Lundy, 455 U.S. at 522). About fifteen years later, however, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA), which required an inmate to file a federal *habeas* petition within one year of the date on which the state court judgment becomes final. Id. (citing 28 U.S.C. §2244(d)). Recognizing that if a district court *dismissed* a "mixed petition" and required the petitioner to go back to state court, the petitioner might be barred from returning to federal court by the AEDPA statute of limitations, the Supreme Court concluded that a district court could, if it chose to, *stay* the federal *habeas* case (rather than dismissing it) and allow the petitioner to go back to state court without losing his ability to seek federal *habeas* review. Id. at 276 (citations omitted).

The Supreme Court has cautioned that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277. Even if a petitioner shows good cause, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id. Finally, the Court has instructed district courts that they should not stay mixed petitions "indefinitely." Id. The Court held that "district courts should

place reasonable time limits on a petitioner's trip to state court and back." Id. at 278.

Eight months have passed since the petitioner filed his *habeas* petition and his motion for stay and abeyance. Were the court to dismiss this mixed petition without prejudice, any subsequent petition could be barred by AEDPA's one-year statute of limitations. 28 U.S.C. §2244(d). Accordingly, this is an appropriate case to consider whether to allow the petitioner to return to state court to exhaust his remedies. The petitioner's motion for stay and abeyance makes arguments for the merits of his *habeas* claims and on the court's cursory review, it cannot conclude that these arguments are meritless. The court finds that the petitioner has shown good cause warranting the imposition of a stay while he exhausts his unexhausted claims in state court.

The court notes one thing. The petition—signed and dated April 15, 2019—states that the petitioner planned to file a Knight petition in the Wisconsin Court of Appeals on April 19, 2019. Dkt. No. 1 at 8. Given the court's delay in addressing the petitioner's motion, the court wanted to make sure that if the petitioner already had filed the Knight petition, the Court of Appeals had not ruled on it (and the petitioner had not sought review of that decision, if it was adverse). The court has looked on the Court of Appeals docket, https://wscca.wicourts.gov/. The search showed only the petitioner's direct appeal, State of Wisconsin v. Mario D. Robinson, Appeal No. 2016AP000914-CR. The court also checked the public docket for the petitioner's original criminal case in Milwaukee County. See State of Wisconsin v. Mario D. Robinson, Milwaukee County Case No. 2013CF004054, available at https://wcca.wicourts.gov/. That docket shows no activity since February of 2019. Id. It appears, then, that the petitioner hasn't filed the Knight petition.

6

Perhaps the petitioner was waiting on the court's ruling before filing the petition. Perhaps the petitioner is still preparing his materials. Either way, now that this court has screened the petition and ruled on his request for a stay, he must not delay. The court will impose a stay on this federal *habeas* case but will order that within thirty (30) days of the date of this order, the petitioner must file proof with this court that he has filed some form of post-conviction relief in state court.[2] If the petitioner does provide the court with that proof by the deadline the court has set, the court will lift the stay. If the court lifts the stay, the petitioner will have to to choose between dismissing his unexhausted claims or dismissing his petition altogether. See Lundy, 455 U.S. at 510.

### III. Conclusion

The court **GRANTS** the petitioner's motion for a stay and abeyance. Dkt. No. 2.

The court **ORDERS** that all proceedings in the case are **STAYED** pending further order of the court.

The court **ORDERS** that by the end of the day on **Friday, March 27, 2020**, the petitioner must file proof with this court that he has sought some form of post-conviction relief in state court. The petitioner must file that proof in time for this court to *receive* it by the end of the day on March 27, 2020. If

---

[2] The court will not specify which post-conviction relief the petitioner must file. The petitioner indicated that he wanted to file a Knight petition. He also wishes to assert ineffectiveness of *trial counsel* in this federal *habeas* petition. That claim cannot be exhausted through a Knight petition. Page v. Frank, 343 F.3d 901, 906 (7th Cir. 2003) (ineffective assistance of trial counsel must first be brought in a motion under Wis. Stat. §974.02 or §974.06). A Knight petition allows only for a challenge to the assistance of *appellate* counsel.

7

the court does not receive that proof by the end of the day on March 27, 2020, the court will lift the stay on the following business day and will require the petitioner to elect whether to proceed only on his unexhausted claim or dismiss the petition.

Dated in Milwaukee, Wisconsin this 21st day of February, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**