UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARIO D. ROBINSON,

        Petitioner,

  v.                                      Case No. 19-cv-603-pp

REED RICHARDSON,

        Respondent.

**ORDER EXTENDING STAY, REQUIRING PETITIONER TO FILE STATUS REPORTS EVERY 90 DAYS, AND CLOSING THE CASE FOR ADMINISTRATIVE PURPOSES ONLY**

On February 21, 2020, this court issued an order staying the petitioner's federal *habeas* case but ordering him to file proof of a Wisconsin state court filing by no later than the end of the day on March 27, 2020. Dkt. No. 5. On March 30, 2020, the court received a letter from the petitioner stating that on March 24, 2020, he had filed a post-conviction motion under Wis. Stat. §974.06 in Milwaukee County Circuit Court. Dkt. No. 6. The court checked the publicly available docket to verify the petitioner's allegations, and it appears that the state court received his motion and has set a briefing schedule. State of Wisconsin v. Mario Dwayne Robinson, Milwaukee County Case Number 2013CF004054 (Milwaukee County), available at https://wcca.wicourts.gov/ (last visited Apr. 2, 2020). Given that the petitioner now has filed in the state court, the court will extend its stay of the proceedings in this federal *habeas* case. The court will require the petitioner to file a status report with the court

1

every ninety (90) days until the state post-conviction is resolved, and then require him to notify the court within thirty (30) days of the date the motion is resolved.

Finally, because the state proceedings likely will take time to conclude, the court is going to *administratively* close the petitioner's case until the petitioner notifies the court that his state court proceedings have finished. The parties will retain all rights they would have had had the case not been closed for administrative purposes. As soon as the state court litigation is complete, the petitioner may file a one-sentence motion, asking the court to reopen his case. The court will grant that motion, and the petitioner's original filing date—April 25, 2019—will control for statute of limitations purposes.

Accordingly, the court **ORDERS** that the stay of the petitioner's federal *habeas* case (Dkt. No. 5) is **EXTENDED** until the conclusion of the petitioner's state court proceedings.

The court **ORDERS** that, every **ninety (90) days** from the date he receives this order, the petitioner must file with this court a status report, updating the court as to the status of the state postconviction motion.

The court **ORDERS** that this case is **ADMINISTRATIVELY CLOSED** pending the conclusion of the petitioner's state court proceedings.

The court **ORDERS** that within **thirty (30) days** of the date the petitioner has exhausted all his state court claims, he must file a notice with this court, notifying the court that his claims are exhausted. At that point, the

court will re-open the case and allow the petitioner to amend his petition to add all exhausted claims.

Dated in Milwaukee, Wisconsin this 6th day of April, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**